# EXHIBIT 1

Case 1:18-cv-01306-RLY-MPB   Document 1-2   Filed 04/30/18   Page 2 of 10 PageID #: 16

49D01-1804-PL-013423
Marion Superior Court, Civil Division 1

Filed: 4/6/2018 5:58 PM
Myla A. Eldridge
Clerk
Marion County, Indiana

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
| --- | --- |
| USA GYMNASTICS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ACE AMERICAN INSURANCE COMPANY f/k/a | ) |
| CIGNA INSURANCE COMPANY, GREAT | ) |
| AMERICAN ASSURANCE COMPANY, LIBERTY | ) |
| INSURANCE UNDERWRITERS INC., | ) |
| NATIONAL CASUALTY COMPANY, RSUI | ) |
| INDEMNITY COMPANY, TIG INSURANCE | ) |
| COMPANY, VIRGINIA SURETY COMPANY, | ) |
| INC. f/k/a COMBINED SPECIALTY INSURANCE | ) |
| COMPANY | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR BREACH OF INSURANCE POLICY AND
DECLARATORY JUDGMENT OF COVERAGE**

Plaintiff USA Gymnastics ("USAG"), for its complaint against Defendants Ace American Insurance Company f/k/a CIGNA Insurance Company ("CIGNA"), Great American Assurance Company ("Great American"), Liberty Insurance Underwriters Inc. ("Liberty"), National Casualty Company ("National Casualty"), RSUI Indemnity Company ("RSUI"), TIG Insurance Company ("TIG"), and Virginia Surety Company f/k/a Combined Specialty Insurance Company ("Combined Specialty"), states as follows:

**Introduction**

1. This is a complaint for declaratory relief and breach of contract. USAG seeks a determination of the scope of its rights under comprehensive general liability ("CGL") and directors and officers ("D&O") primary, excess, or umbrella insurance policies issued by Defendant Insurers with respect to the lawsuits brought against USAG arising from the actions of

Lawrence "Larry" Gerard Nassar ("Nassar").  USAG also seeks actual and consequential damages arising from Defendant Insurers' breach of their respective policies, pre-judgment and post-judgment interest on all such damages, and any and all relief to which it may be entitled.

## The Parties

2. USA Gymnastics is a nonprofit corporation headquartered in Indianapolis, Indiana with a principal place of business at 130 E. Washington St., Suite 700, Indianapolis, Indiana 46204.

3. TIG is an insurance company formed under the laws of California with a principal place of business at 250 Commercial Street, Suite 2009A, Manchester, New Hampshire 03101.

4. CIGNA is an insurance company formed under the laws of Pennsylvania with a principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

5. Combined Specialty is an insurance company formed under the laws of Illinois with a principal place of business at 175 West Jackson Blvd, 11th Floor, Chicago, Illinois 60604.

6. Great American is an insurance company formed under the laws of Ohio with a principal place of business at 301 East Fourth Street, Cincinnati, Ohio 45202.

7. National Casualty is an insurance company formed under the laws of Ohio with a principal place of business at 1 W Nationwide Blvd, #1-04-701, Columbus, Ohio 43215.

8. Liberty is an insurance company formed under the laws of Illinois with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

9. RSUI is an insurance company formed under the laws of New Hampshire with a principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326.

10. This Court has jurisdiction over each of the Defendant Insurers because each of these companies is licensed or authorized to do business in Indiana and is doing business in

Indiana on a regular basis. They also sold insurance policies to USAG.

11.     Venue is proper in this Court because USAG is headquartered in Marion County and because a number of the Defendant Insurers maintain their principal Indiana offices and/or registered agents in Marion County.

## The Underlying Lawsuits

12.     USA Gymnastics has been named as a defendant in at least nine different lawsuits in connection with the actions of Larry Nassar ("Underlying Lawsuits"). All allege various claims against USAG including, but not limited to, negligent hiring, negligent retention, negligent supervision, and negligent failure to warn, train, or protect. Plaintiffs also allege claims against USAG for fraud, intentional infliction of emotional distress, and RICO violations. USAG has attached a chart identifying the ten lawsuits as Exhibit A.

## The Insurance Policies

13.     TIG sold comprehensive general liability, primary, excess and/or umbrella insurance policies to USAG for the period from January 1, 1993 to August 1, 1998 and from August 1, 2001 to August 1, 2004 (the "TIG Policies"). The TIG Policies include:

    8-1-92 to 8-1-93, SSP3503880800
    1-1-93 to 8-1-93, SSP3503618500
    1-1-93 to 8-1-93, SSP3503620500
    8-1-93 to 8-1-94, SSP3609977000
    6-1-93 to 6-1-94, SSP3609976100
    6-1-93 to 6-1-94, SSP3609976400
    6-1-94 to 6-1-95, SSP3621154000
    8-1-94 to 8-1-95, SSP36212187
    8-1-94 to 8-1-95, SSP3621153700
    8-1-95 to 8-1-96, SSP3624508000
    8-1-95 to 8-1-96, SSP3624508400
    6-25-96 to 7-2-96, KLB3739153700
    8-1-96 to 8-1-97, SSP3739355000
    9-16-96 to 8-1-97, KLB3749813400
    8-1-97 to 8-1-98, SSP3739355001
    8-1-97 to 8-1-98, KLB-00037498134-01

      8-1-01 to 8-1-04, T7 0003921762800
      8-1-01 to 8-1-02, KLB003921763000

USAG has attached a copy of a primary and excess policy that evidences the existence of the policies as <u>Exhibits B and C</u>. TIG may have issued other applicable liability policies to USAG.

    14.    CIGNA sold comprehensive general liability, primary, excess and/or umbrella insurance policies to USAG for the period from August 1, 1998 to August 1, 2001 (the "CIGNA Policies"). The CIGNA Policies include:

      8-1-98 to 8-1-99, G19421752
      8-1-98 to 8-1-99, XCP G19493805
      8-1-99 to 8-1-00, G19421752 (Renewal)
      8-1-99 to 8-1-00, XCP G20086427
      8-1-00 to 8-1-01, G19421752 (Renewal)
      8-1-00 to 8-1-01, XCP G20125858

USAG has attached a copy of a primary and excess policy that evidences the existence of the policies as <u>Exhibit D and E</u>. CIGNA may have issued other applicable liability policies to USAG.

    15.    Combined Specialty sold comprehensive general liability, primary, excess and/or umbrella insurance policies to USAG for the period from August 1, 2002 to August 1, 2004 (the "Combined Specialty Policies"). The Combined Specialty Policies include:

      8-1-02 to 8-1-03, T7 0000000734000
      8-1-03 to 8-1-04, T7 0000000734001

USAG has attached a copy of a primary policy that evidences the existence of the policies as <u>Exhibit F</u>. Combined Specialty may have issued other applicable liability policies to USAG.

    16.    Great American sold comprehensive general liability, primary, excess and/or umbrella insurance policies to USAG for the period from August 1, 2002 to August 1, 2007 (the "Great American Policies"). The Great American Policies include:

    8-1-02 to 8-1-03, EXC000591017800
    8-1-03 to 8-1-04, EXC000591017801
    8-1-04 to 8-1-05, PAC0000568846300
    8-1-04 to 8-1-05, EXC00005688847900
    8-1-05 to 8-1-06, PAC0000568846301
    8-1-05 to 8-1-06, EXC00005688847901
    8-1-06 to 8-1-07, PAC0000568846302
    8-1-06 to 8-1-07, EXC00005688847902

USAG has attached a copy of a primary and excess policy that evidences the existence of the policies as <u>Exhibit G and H</u>. Great American may have issued other applicable liability policies to USAG.

   17.  National Casualty sold comprehensive general liability, primary, excess and/or umbrella insurance policies to USAG for the period from August 1, 2007 to August 1, 2017 (the "National Casualty Policies").  The National Casualty Policies include:

    8-1-07 to 8-1-08, KRO0000000103500
    8-1-07 to 8-1-08, XKO00000000103600
    8-1-08 to 8-1-09, KRO0000000103501
    8-1-08 to 8-1-09, XKO00000000103601
    8-1-09 to 8-1-10, KRO0000000103502
    8-1-09 to 8-1-10, XKO00000000103602
    8-1-10 to 8-1-11, KRO00000001198500
    8-1-10 to 8-1-11, XKO000000001198600
    8-1-11 to 8-1-12, KRO0000002032600
    8-1-11 to 8-1-12, XKO0000002032700
    8-1-12 to 8-1-13, KRO0000002905000
    8-1-12 to 8-1-13, XKO0000002905100
    8-1-13 to 8-1-14, KRO0000003809900
    8-1-13 to 8-1-14, XKO0000003810100
    8-1-14 to 8-1-15, KRO0000004695000
    8-1-14 to 8-1-15, XKO0000004695400
    8-1-15 to 8-1-16, KRO0000005683700
    8-1-15 to 8-1-16, XKO00000005690800
    8-1-16 to 8-1-17, KRO0000006492900
    8-1-16 to 8-1-17, XKO0000006519400

USAG has attached a copy of a primary and excess policy that evidences the existence of the policies as <u>Exhibit I and J</u>. National Casualty may have issued other applicable liability policies

to USAG.

18. Liberty sold directors and officers liability, general liability, primary, excess and/or umbrella insurance policies to USAG for the period from May 16, 2016 to May 16, 2017 (the "Liberty Policies"). The Liberty Policies include:

> 5-16-16 to 5-16-17, DOCHAA5JSQ002

USAG has attached a copy of this policy as <u>Exhibit K</u>. Liberty may have issued other applicable liability policies to USAG.

19. RSUI sold directors and officers liability, general liability, primary, excess and/or umbrella insurance policies to USAG for the period from May 16, 2017 to May 16, 2018 (the "RSUI Policies"). The RSUI Policies include:

> 5-16-17 to 5-16-18, HP672143

USAG has attached a copy of this policy as <u>Exhibit L</u>. RSUI may have issued other applicable liability policies to USAG.

20. Given the voluminous nature of the policies, USAG has not attached a copy of every policy. The parties will provide the court with a master copy of the policies once discovery has occurred.

## First Cause of Action

(Declaratory Relief)

21. USAG incorporates by reference the averments of paragraphs 1 through 20 above.

22. An actual controversy exists as to the scope of USAG's rights and Defendant Insurers' obligations under their respective policies regarding for the Underlying Lawsuits and related claims.

23. All required premiums on the policies have been paid in full. All other pertinent

conditions to coverage have been satisfied, excused, or waived.

24. USAG has been damaged by Defendant Insurers' refusal to confirm coverage and satisfy their duty to defend.

25. Declaratory relief will help resolve the dispute between USAG and its insurers and will determine their respective rights and obligations.

26. Pursuant to Ind. Code § 34-14-1-1 and Indiana Trial Rule 57, USAG is entitled to declaratory relief establishing Defendant Insurers' obligations to defend and indemnify them for Underlying Lawsuits and related claims..

## Second Cause of Action

(Breach of Contract)

27. USAG incorporates by reference the averments of paragraphs 1 through 26 above.

28. The policies obligate Defendant Insurers to defend and indemnify USAG for the Underlying Lawsuits and related claims.

29. Defendant Insurers have breached their duties to defend by not providing a full defense, and/or by not timely and fully reimbursing defense costs.

30. Defendant Insurers' wrongful denial of coverage and refusal to confirm they will indemnify USAG is a breach of their obligations to USAG under their respective policies.

31. As a result of Defendant Insurers' breach, USAG has incurred costs, expenses, and damages, including actual and consequential damages arising from the breach and pre-judgment and post-judgment interest on all such damages.

32. USAG is entitled to recover from Defendant Insurers all costs, expenses, and damages, including actual and consequential damages arising from Defendant Insurers' breach and pre-judgment and post-judgment interest on all such damages.

THEREFORE, USA Gymnastics requests that the Court enter judgment in its favor and against Defendant Insurers as follows:

1. Declaring that under terms of Defendant Insurers' policies, Defendant Insurers must defend and indemnify USAG with respect to the Underlying Lawsuits and related claims;

2. Finding that Defendant Insurers have breached their obligations under their respective policies, and finding Defendant Insurers are required to defend and indemnify USAG for the Underlying Lawsuits and related claims;

3. Ordering Defendant Insurers to pay for all of USAG's actual and consequential damages, costs of this action and attorney's fees incurred in this action; and pre-judgment and post-judgment interest on all such damages; and

4. Award to USAG any additional relief, including any appropriate equitable relief, as the Court may deem just and proper.

## **REQUEST FOR JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff, USA Gymnastics, hereby demands a trial by jury of any issue triable of right by jury.

Respectfully submitted,

    s/ Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN LLP
*Attorneys for Plaintiff USA Gymnastics*

George M. Plews
Gregory M. Gotwald
Tonya J. Bond
Steven A. Baldwin
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202-2415
(317) 637-0700
gplews@psrb.com
ggotwald@psrb.com
tbond@psrb.com
sbaldwin@psrb.com